UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LORA JOLIFF,<br>    Plaintiff(s),<br>v.<br>NEVADA CVS PHARMACY, LLC, et al.,<br>    Defendant(s). | Case No. 2:21-cv-00098-GMN-NJK<br><br>**Order**<br><br>[Docket No. 16] |

Pending before the Court is a stipulation for a three-month extension of deadlines in the scheduling order. Docket No. 16.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The first reason proffered for the requested extension does not establish good cause. Nearly a month ago, the Court denied Defendant's motion for entry of a protective order because that should be a routine matter that should almost never require motion practice. Docket No. 15.[1] The instant stipulation indicates that discovery has been delayed because the parties are still unable to agree to the language of a protective order. Docket No. 16 at 3. The Court will not endorse a position that a failure to cooperate or engage in standard litigation procedures constitutes good cause for an extension; such circumstances assuredly are not good cause. In addition, <u>the parties must file a (hopefully joint) request for entry of a protective order by December 15, 2021.</u>

---

[1] Indeed, some judges provide sample protective orders on their court's websites for litigant use. *See, e.g.*, https://www.cacd.uscourts.gov/honorable-jacqueline-chooljian.

1

The other reasons proffered for the requested extension are that the parties are in the process of obtaining medical records and scheduling an independent medical examination. *See* Docket No. 16 at 3-4. While the stipulation does not provide meaningful explanation as to how those circumstances justify a three-month extension (as opposed to a shorter one), the Court will allow the extension requested with the caveat that it expects the current deadlines to be met without any further extension request.

Accordingly, the stipulation to extend is **GRANTED** and deadlines are **RESET** as follows:

- Amend pleadings/ add parties: Closed
- Initial experts: March 30, 2022
- Rebuttal experts: May 2, 2022
- Discovery cutoff: May 30, 2022
- Dispositive motions: June 28, 2022
- Joint proposed pretrial order: July 28, 2022, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: December 8, 2021

_____
Nancy J. Koppe
United States Magistrate Judge