# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LORA JOLLIFF,

    Plaintiff(s),

v.

NEVADA CVS PHARMACY, LLC, et al.,

    Defendant(s).

Case No. 2:21-cv-00098-GMN-NJK

**ORDER**

    Pending before the Court is an order for attorneys Brandon Verde, Darren Lach, Eric Blank, Amanda Laub, Kristan Lehtinen, LeAnn Sanders, and Karie Wilson to show cause why they should not be sanctioned for violating the Court's order to file a request for entry of protective order by December 15, 2021. Docket No. 21. Responses to the order to show cause have been filed. Docket Nos. 26, 29-32.

    The Court begins with Attorneys Verde and Lach, who both indicate that they are no longer associated with Eric Blank Injury Attorneys and no longer work on this case. Docket Nos. 29-30. When an attorney no longer works on a case, he must withdraw from the case so that the record is clear as to who is responsible for the matter. *See* Local Rule IA 11-6(a)-(b). Attorneys Verde and Lach must promptly file appropriate paperwork to withdraw as counsel in this case.

    The Court next addresses Attorneys Lehtinen, Sanders, and Wilson, who represent that they engaged in reasonable efforts to communicate with opposing counsel to meet the deadline set by the Court and, when that deadline had passed, to attempt to avoid contested motion practice. *See* Docket No. 26 at 4-8. The Court first rejects the premise that an order from a magistrate judge is a "request" made of counsel, Docket No. 26 at 2, as such an order is a directive with which compliance is mandatory, *see, e.g.*, *U.S. Bank Nat'l Assoc. v. SFR Invs. Pool 1, LLC*, 2018 WL 701816, *3 (D. Nev. Feb. 2, 2018). Counsel must ensure moving forward that they meet court-

ordered deadlines or, if they are not able to do so, that they file an appropriate request for extension. "[T]he proper course is assuredly not to simply ignore an order." *Id.* *4.  Failure to comply with deadlines moving forward may subject counsel to sanctions. *See, e.g.*, Fed. R. Civ. P. 16(f).

The Court lastly addresses Attorneys Laub and Blank, who indicate that they had no responsibility with respect to the filing of a request for entry of a protective order because that is relief sought by Defendant. *See* Docket Nos. 31-32.  This line of argument is troubling.  The filing of a request for protective order requires the *opposing* counsel to engage in good faith discussions. *See, e.g.*, Fed. R. Civ. P. 26(c)(1); Local Rule 26-6(c).  To fulfill that obligation, counsel must be responsive and available for conferral efforts, and must advance arguments that are supported by the law. *Cf. Nev. Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993) ("the parties must present to each other the merits of their respective positions with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions.  Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter").  Hence, even taking the premise of Attorneys Laub and Blank as true that it was Defendant who was ultimately responsible for filing the request for protective order, Attorneys Laub and Blank had their own obligations to meet-and-confer to enable that filing.  The record here shows that Attorney Laub fell woefully short in meeting that obligation. *See, e.g.*, Docket No. 26 at 4-5.  Failure to comply with those obligations moving forward may subject counsel to sanctions. *See, e.g.*, Local Rule IA 1-3(f)(3).

Except as stated above, the order to show cause is discharged.

IT IS SO ORDERED.

Dated: February 28, 2022

_____
Nancy J. Koppe
United States Magistrate Judge